**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NO. 02-30032-04-GPM |
| | ) |
| KEVIN JENNINGS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Kevin Jennings filed a *pro se* motion for retroactive application of the sentencing guidelines pursuant to 18 U.S.C. § 3582 (Doc. 126). In accordance with Administrative Order #102, the Office of the Federal Public Defender was appointed to represent Jennings on his motion (Doc. 127). Appointed counsel has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 156). *See Anders v. California*, 386 U.S. 738, 744 (1967). Jennings was given an opportunity to respond to counsel's motion to withdraw but did not do so in the time allotted.

This Court originally sentenced Jennings to a 360 month term of imprisonment on October 15, 2002 (*see* Doc. 88).[1] This sentence was based on a sentencing guideline range (which the Court now recognizes was advisory) of 360 months to life. The base offense level was 38 because the offense involved over 1.5 kilograms of crack cocaine.

---

[1] His sentence was subsequently reduced (*see* Doc. 112), but that is not relevant to this motion.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant … has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S. Ct. 1924 (2009).

Jennings is not entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. Amendment 715, effective May 1, 2008, further amended the commentary to U.S.S.G. § 2D1.1 by revising the manner in which offense levels are determined in cases involving crack cocaine in combination with other controlled substances. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. The amendments did not, however, reduce the sentencing

range of defendants whose relevant conduct was 4.5 kilograms or more of crack cocaine. *See Forman*, 553 F.3d at 590 (stating that the amendment "affects only defendants who are responsible for distributing fewer than 4.5 kilograms of crack cocaine"). Jennings was sentenced based on relevant conduct that included at least 6 kilograms of cocaine base. Under the old and amended guidelines this relevant conduct warranted a base offense level of 38. Thus, the amendment did not lower his guideline range, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. The Court lacks subject matter jurisdiction to consider his reduction request. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38.

The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 156) and **DISMISSES** the motion for a sentence reduction (Doc. 126) for **lack of jurisdiction**. The Clerk of Court is **DIRECTED** to mail a copy of this order to Defendant Kevin Jennings, #05948-025, FCI Greenville, Federal Correctional Institution, P.O. Box 5000, Greenville, IL 62246.

**IT IS SO ORDERED.**

DATED: 09/14/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
